Chief Judge Conway (dissenting).
On this appeal defendants ask this court to strike down as uncertain in meaning a clearly written statute designed by the Legislature to protect the public against the indiscriminate use of a drug which is habit forming.
On July 25,1955 a prescription for a habit forming barbiturate was issued by a Doctor Kayden to a Public Health Sanitarian of the Department of Health of the City of New York. The prescription contained no statement by the doctor that it might be refilled. Notwithstanding the absence of authorization to refill, the defendants refilled the prescription nine times. Two of the nine refillings were made later than three months after the original issuance of the prescription by the defendant Milton Taylor, the secretary and vice-president of the corporate defendant pharmacy, who is in charge of the drug dispensing department. On the second of those occasions, to wit, on November 23, 1955, the Sanitarian presented Taylor with a slip of paper containing the prescription number F-79037 — the number of the original prescription. The Sanitarian testified that, after she had waited a while, Milton Taylor “ came out and he told me that he put on a new number because the prescription runs out after three months.” Milton, at that time, executed a so-called “new prescription”, presumably in the name of Doctor Kayden, with the indorsement of a new prescription *504 number, F-81495, putting on the date 11-23-55 and a new notation “OK to refill The original prescription of Doctor Kayden, as we have said, contained no statement authorizing a refilling of it. It was delivered personally to the pharmacy— not telephoned in. Doctor Kayden testified that, after he had issued the prescription to the Sanitarian on July 25th, he had issued no other prescription to her and had not authorized the refilling of the prescription; that he had never received a telephone call from Caswell-Massey or from anyone on its behalf requesting permission to refill the prescription; and that his nurse, Miss Doherty, was not authorized to act in such matters without prior consultation with him.
As a consequence of the foregoing, which was uncovered by the Sanitarian (who, we may fairly presume undertook the investigation of defendants because she had been given cause to suspect that defendants had been acting in violation of the provisions of the Sanitary Code of the City of New York dealing with the dispensation of barbiturates), defendants were charged with having violated subdivision 3 of section 118c of the Sanitary Code. That subdivision reads: “3. The refilling of any prescription for a barbiturate as defined in Section 118b is prohibited unless such prescription includes a statement by the practitioner (1) That it may be refilled and (2) Specifying the minimum interval between fillings and the total number of refillings prescribed. No such prescription shall be refilled in any event later than three (3) months after the original issuance thereof. ’ ’
There can be no doubt that the acts committed by the defendants, described above, were in plain violation of subdivision 3 of section 118c. The Magistrate sitting as a Court of Special Sessions so found and the Appellate Division unanimously affirmed. Defendants contend that the convictions may not stand because the statute is so unclear in its meaning that it does not afford citizens notice of what conduct is made criminal by it. It can hardly be denied that subdivision 3 (under which defendants were convicted), by itself, provides an understandable guide for pharmacists. That subdivision, in the most unambiguous of terms, proscribes the refilling of a prescription for a barbiturate unless (1) the prescription includes a state *505 ment that it may be refilled and (2) contains a specification of the minimum interval between fillings and the total number of refillings permitted. The statute imposes one further condition, namely, that in no event shall a barbiturate prescription be refilled later than three months after the original issuance thereof. Here, in the face of the unequivocal language of subdivision 3, the defendants refilled the original prescription nine times and two of those nine refillings were made after the expiration of the three-month period beyond which no refilling was permissible under the statute even if Doctor Kayden had included in the prescription the statement that it could be refilled — and that he had not done.
While the language of subdivision 3 is as lucid and understandable as language can be and while the defendants, by their very conduct, have demonstrated that they found it so, they now ask our court to find the wording of the subdivision vague and confusing when read with subdivision 1. We see no sound basis for such a holding.
A comparison of subdivision 1 with subdivision 3 reveals that a sharp distinction has been drawn between original barbiturate prescriptions and the refilling of such prescriptions. Under the terms of subdivision 1, a pharmacist may fill a telephone barbiturate prescription. Under the terms of subdivision 3, the pharmacist may refill only a written barbiturate prescription and only if such written prescription includes a statement by the practitioner that it may be refilled, and specifies the minimum interval between fillings and the total number of refillings prescribed. As the unanimous Appellate Division so aptly pointed out “ Anomalous as it [the distinction] may seem at first glance, there may be cogent reasons for a greater degree of stringency in the requirements for refilling a prescription than for dispensing an original one. There is nothing in the statute which, directly or inferentially, permits refilling by verbal order.” Indeed, it must be said that in no uncertain terms the statute explicitly prohibits refilling by verbal order. The wisdom of the distinction drawn by the Legislature between original prescriptions and the refilling of such prescriptions is not open to review in the courts.
The language of the statute governing the refilling of barbiturate prescriptions being plain, and the acts of defendants *506 having been in violation thereof, these convictions must be affirmed. '
Judges Dye, Van Voórhis and Burke concur' with Judge Desmond ; Chief Judge Conway dissents in an opinion in which Judges Fuld and Froessel concur.
■ Judgments reversed, etc.